UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEVE DALEY | : 24-cv-1066 |
| | : |
| v. | : |
| | : |
| MICHAEL BAUTISTA, AKEEM BRYCE, | : |
| CHRISTOPHER SGRITTA, WILLIAM LOWE, | : |
| CHRISTOPHER IMPERATO, RAMON TEJADA, | : |
| DOMINICK CISERO, STEFANOS | : |
| KALMANIDES, JARED ZWICKLER, JAMES | : |
| YANG, and CITY OF NORWALK | : JUNE 19, 2024 |

## COMPLAINT

1. This case arises from the outrageous misconduct of Norwalk police officers who arrested and charged an innocent man, Plaintiff Steven Daley, with a serious felony based on the uncorroborated, facially implausible claims of an alleged kidnapping victim who had spent the prior days partying with his supposed captor. The truth that the police recklessly ignored was that the "victim," Defendant Dr. Michael Bautista, went on a days-long bender with a friend and then tried to avoid the consequences by falsely claiming that his friend and Mr. Daley had kidnapped him. Norwalk police swallowed Dr. Bautista's far-fetched tale wholesale and arrested Mr. Daley for crimes he plainly did not commit, without probable cause and in violation of his constitutional rights. As a result of this misconduct, Mr. Daley suffered the indignity and trauma of a wrongful arrest and prosecution, and sustained significant damage to his reputation and wellbeing. He brings this action to vindicate his rights and to hold the Defendants accountable for their egregious actions.

2. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and Connecticut General Statutes § 52-571k, seeking damages for the deprivation of Plaintiff's constitutional rights and equal protection committed by Norwalk police officers, as well as state law claims for

1

defamation and malicious prosecution against the doctor. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, & 1367 and venue is proper pursuant to 28 U.S.C. § 1391(b).

3. On July 23, 2023, the below-named officers of the Norwalk Police Department arrested Mr. Daley and charged him with Conspiracy to Commit Kidnapping in the Second Degree with a Firearm, despite lacking probable cause to believe Mr. Daley had committed said offense.

4. The officers deliberately and recklessly disregarded exculpatory evidence indicating Mr. Daley had no knowledge of or involvement in any alleged kidnapping plot carried out by his co-defendant, and instead acted solely on the incredible, uncorroborated, false, and defamatory allegations of Dr. Michael Bautista. This unlawful arrest and malicious prosecution violated Mr. Daley's Fourth Amendment rights, right to freedom of association under the First Amendment, and deprived him of equal protection of the laws.

5. The supervising officers and the City of Norwalk failed to adequately train and supervise the officers, cultivating a culture of misconduct and leading to the violation of Mr. Daley's rights.

5. Plaintiff Steve Daley is a resident of New York.

6. Defendant Michael Bautista is an Opthalmologist in Connecticut.

7. Defendants Officer Bryce, Officer Sgritta, Officer Lowe, Detective Imperato, Sgt. Tejada, Sgt. Cisero, Sgt. Kalmanides, Lt. Zwickler and Officer Yang are police officers employed by the Norwalk Police Department (the "Norwalk Officers"). They are being sued in their individual capacities.

8. Defendant municipality City of Norwalk is a governmental entity responsible for the training, supervision, and conduct of its officers and agents, including the individual Defendants.

## FACTS

9. On July 21, 2023, Plaintiff Steve Daley was working at Lowest Price Auto Sales, a car lot in the Bronx where he helps with online marketing and tire work.

10. Anthony Benjamin and Dr. Michael Bautista drove into the lot and approached Mr. Daley, introducing themselves and stating they had been partying together all weekend. Mr. Daley knew Mr. Benjamin from around the car lot. Dr. Bautista shook Mr. Daley's hand.

11. Dr. Bautista and Mr. Benjamin told Mr. Daley they were heading to the mall and asked him to drive Dr. Bautista's car, as they were too intoxicated to drive. Dr. Bautista demonstrated to Mr. Daley how to operate the transmission of his Subaru.

12. Mr. Daley drove Dr. Bautista and Mr. Benjamin to the mall, where they bought new clothes. Dr. Bautista attempted to withdraw money from an ATM but said he had exceeded his daily limit.

13. They then went to Mr. Benjamin's residence so he could retrieve marijuana. Dr. Bautista waited in the car with Mr. Daley while Mr. Benjamin was inside for about 20 minutes.

14. Dr. Bautista complained of nausea and asked to get ginger ale. Mr. Benjamin navigated them to a 7-Eleven in Manhattan, where Dr. Bautista and Mr. Benjamin took ginger ale from the fountain without paying and shared the drink from the same cup.

15. Dr. Bautista and Mr. Benjamin then asked Mr. Daley to drive them to a party spot they frequented in Manhattan. During the drive, Dr. Bautista and Mr. Benjamin used each other's phones to play music through the car's Bluetooth system.

16. After Mr. Daley parked near an Irish bar in Manhattan, Dr. Bautista and Mr. Benjamin walked around for a bit and then said they wanted to sleep in the car.

17. While Dr. Bautista and Mr. Benjamin slept in the car, Mr. Daley went for a walk around Times Square. When he returned, he woke them up and told them he was leaving.

18. Dr. Bautista then begged Mr. Daley to drive him to Norwalk Hospital, claiming he had been called in for a work emergency. Mr. Daley agreed to drive Dr. Bautista to the hospital.

19. Upon arriving at the hospital, Dr. Bautista entered alone while Mr. Daley and Mr. Benjamin waited in the car for him to return. Mr. Daley believed Dr. Bautista was there for a legitimate work obligation.

20. Shortly thereafter, Defendant Officers arrived on scene and arrested both Mr. Daley and Mr. Benjamin.

21. Despite Mr. Daley calmly complying and expressing confusion about what was happening, Defendants charged him with Conspiracy to Commit Kidnapping in the Second Degree with a Firearm based solely on the false and defamatory statements of Dr. Bautista.

22. The officers deliberately ignored Mr. Daley's lack of knowledge regarding any alleged kidnapping.

23. The officers lacked probable cause to arrest Mr. Daley for conspiracy, as the known facts indicated he had simply driven the others to the hospital unaware of Mr. Benjamin's alleged criminal acts.

24. The officers failed to critically examine the plausibility of Dr. Bautista's false and defamatory story, which strained credulity. It is highly unlikely that alleged kidnapping perpetrators would casually accompany their purported victim to his place of work and then wait for him to finish a medical procedure. It is also highly unlikely that an alleged kidnapping victim would have his captors take him to his workplace and then wait for him, rather than immediately fleeing or seeking help at the first opportunity.

25. The officers did not give due weight to the fact that Dr. Bautista, by his own admission, went along with Mr. Benjamin's requests and appeared to spend money voluntarily during the supposed "kidnapping." The officers ignored exculpatory information, such as Dr. Bautista's clear use of illegal drugs and alcohol as well as patronization of strip clubs.

26. The officers unreasonably discounted Mr. Daley's rational explanation for his presence, namely that he believed he was simply giving Dr. Bautista and Mr. Benjamin a ride, without any knowledge of an alleged kidnapping plot. The officers lacked any credible evidence to suggest Mr. Daley's story was false, yet arrested him anyway based on Dr. Bautista's dubious and uncorroborated accusations.

27. On information and belief, the officers arrested Mr. Daley based on his mere association with Mr. Benjamin, rather than any specific evidence of his involvement in a crime, in violation of his First Amendment right to freedom of association.

28. On information and belief, the officers' actions were motivated at least in part by racial animus and discriminatory intent against Mr. Daley, who is African-American, in violation of the Equal Protection Clause.

29. On information and belief, the officers purposefully omitted exculpatory information from their reports and to manufacture probable cause against Mr. Daley.

30. As a result of the officers' unlawful actions, Mr. Daley was jailed, charged with a serious felony offense he did not commit, and suffered significant harm including loss of liberty, emotional distress, reputational damage, and financial losses including lost wages and legal expenses.

31. The supervising Defendants failed to properly train and supervise the arresting officers, allowing the violation of Mr. Daley's rights to occur. The City of Norwalk and Norwalk Police Department have been on notice of a pattern of similar misconduct by Norwalk officers in the past, but have failed to take corrective action, amounting to deliberate indifference to citizens' rights.

32. The City of Norwalk has a policy, custom or practice of inadequate training and supervision of its officers in regards to proper arrest procedures, racial profiling, and probable cause determinations, which was the moving force behind the violation of Mr. Daley's rights in this case.

33. Ultimately, Dr. Bautista ceased cooperation with the investigation into the alleged kidnapping, and all charges against the Plaintiff were fully and finally dismissed, terminating in his favor.

## CAUSES OF ACTION

### COUNT ONE - 42 U.S.C. § 1983 - Fourth Amendment – against Norwalk Officers

33. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

34. Defendants violated Plaintiff's clearly established right to be free from unreasonable seizure as guaranteed by the Fourth Amendment to the United States Constitution by arresting him without probable cause.

35. As a direct and proximate result of Defendants' actions, Plaintiff suffered substantial damages.

COUNT TWO - 42 U.S.C. § 1983 - First Amendment – against Norwalk Officers

35. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

36. Defendants violated Plaintiff's right to freedom of association under the First Amendment by arresting him based solely on his association with Mr. Benjamin, absent probable cause that Mr. Daley himself had committed any crime.

37. As a direct and proximate result of Defendants' actions, Plaintiff suffered substantial damages.

COUNT THREE - 42 U.S.C. § 1983 - Equal Protection – against Norwalk Officers

37. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

38. Defendants violated Plaintiff's right to equal protection of the laws by selectively arresting and charging him on the basis of his race.

39. As a direct and proximate result of Defendants' actions, Plaintiff suffered substantial damages.

COUNT FOUR - 42 U.S.C. § 1983 - Failure to Train and Supervise – against Tejada, Cisero, Kalmanides, Zwickler, and City of Norwalk

39. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 39 as if fully set forth herein.

40. Defendants Sgt. Tejada, Sgt. Cisero, Sgt. Kalmanides, Lt. Zwickler and the City of Norwalk failed to adequately train and supervise the arresting officers regarding proper arrest procedures, use of racial profiling, and probable cause determinations.

41. This failure to train and supervise amounts to deliberate indifference to the rights of persons with whom the police come into contact, and was the moving force behind the violation of Mr. Daley's constitutional rights in this case.

42. As a direct and proximate result of Defendants' actions and inaction, Plaintiff suffered substantial damages.

COUNT FIVE - Conn. Gen. Stat. § 52-571k – against Norwalk Officers and City of Norwalk

42. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42 as if fully set forth herein.

43. Defendants, acting under color of law, deprived Plaintiff of his right to equal protection under the laws of Connecticut by arresting him without probable cause based on an unsubstantiated conspiracy charge and on the basis of his race.

44. Plaintiff's arrest was not supported by an objectively reasonable good faith belief that probable cause existed, as the officers deliberately disregarded evidence of Plaintiff's innocence and lack of criminal intent.

45. As a direct and proximate result of Defendants' conduct, Plaintiff suffered substantial damages.

COUNT SIX - False Arrest/Imprisonment – against Norwalk Officers

45. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 45 as if fully set forth herein.

46. Defendants arrested and imprisoned Plaintiff without probable cause and without a warrant, causing him to be restrained against his will and deprived of his liberty.

47. As a result of Defendants' conduct, Plaintiff suffered substantial damages.

COUNT SEVEN - Negligence (Conn. Gen. Stat. § 52-557n) – against City of Norwalk

47. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 47 as if fully set forth herein.

48. At all relevant times, Defendants were employees, officers or agents of the City of Norwalk, a political subdivision of the State of Connecticut, acting within the scope of their employment or official duties.

49. Defendants owed Plaintiff a duty to exercise reasonable care in their law enforcement activities.

50. Defendants breached that duty by negligently arresting Plaintiff without probable cause, which constitutes negligence in the performance of a discretionary governmental function.

51. Defendants' negligence involved malice, wantonness or intent to injure, as the officers deliberately ignored exculpatory evidence and arrested Plaintiff based on unsubstantiated allegations.

52. Alternatively, Defendants' negligence was in the performance of ministerial rather than discretionary functions, as probable cause determinations do not involve the exercise of judgment or discretion when the facts and circumstances would not lead a reasonable officer to conclude that probable cause existed.

53. Alternatively, this case falls within an exception to discretionary act immunity.

54. As a direct and proximate result of Defendants' negligence, Plaintiff suffered substantial damages.

COUNT EIGHT - Intentional Infliction of Emotional Distress – against all Defendants

54. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 54 as if fully set forth herein.

55. Defendants engaged in extreme and outrageous conduct by arresting Plaintiff on false charges, with the intention to cause, or with reckless disregard of the probability of causing, emotional distress to Plaintiff.

56. As a result of Defendants' conduct, Plaintiff suffered severe emotional distress.

COUNT NINE – Defamation – against Dr. Bautista

33. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

34. Defendant Dr. Michael Bautista made false and defamatory statements about Plaintiff to the Norwalk Police Department, including that Plaintiff was involved in a kidnapping and unlawfully holding Dr. Bautista against his will.

35. These statements were false, as Plaintiff was not involved in any kidnapping plot and had no knowledge that Dr. Bautista was allegedly being held against his will.

36. Dr. Bautista published these false statements to third parties, including the Norwalk Police Department and others, knowing they were false or with reckless disregard for their truth or falsity.

37. As a direct and proximate result of Dr. Bautista's defamatory statements, Plaintiff suffered substantial damages to his reputation, humiliation, emotional distress, and financial losses.

COUNT TEN - Malicious Prosecution – against Dr. Bautista

37. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 37 of Count Nine as if fully set forth herein.

38. Defendant Dr. Bautista knowingly and with malicious intent provided false information to the Norwalk Police Department to initiate a criminal proceeding against Plaintiff for kidnapping.

39. Dr. Bautista lacked probable cause to initiate the proceeding, as he knew Plaintiff had not kidnapped him or held him against his will.

40. Dr. Bautista acted with malice in initiating the proceeding, as he knew the allegations against Plaintiff were false and intended to harm him.

41. The criminal proceeding terminated in Plaintiff's favor when the charges were dismissed for lack of probable cause.

42. As a direct and proximate result of Dr. Bautista's malicious prosecution, Plaintiff suffered substantial damages including deprivation of liberty, emotional distress, humiliation, and financial losses.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Steve Daley demands judgment and prays for the following relief, jointly and severally, against all Defendants:

A. Full and fair compensatory damages in an amount to be determined by a jury;

B. Punitive damages against the individual Defendants in an amount to be determined by a jury;

C. Reasonable attorneys' fees and costs of this action under 42 U.S.C. § 1988 and Conn. Gen. Stat. § 52-571k(f); and

D. Any such other relief as appears just and proper

Dated at NEW HAVEN, Connecticut, this day of June, 2024.

PLAINTIFF

By:/s/Alexander T. Taubes
Alexander T. Taubes
470 James Street
Suite 007
New Haven, CT 06513
(203) 909-0048
alextt@gmail.com
Federal Bar No. ct30100